UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUSTIN ETZIN,

|  | Plaintiff(s), | Civil Action No.: |
|---|---|---|
|  |  | 7:20-cv-6551 (_____) |

-against-

AMERICAN ZURICH INSURANCE COMPANY,          **COMPLAINT WITH
                                            JURY DEMAND**

                            Defendant(s).
------------------------------------------------------------------

Plaintiff(s), JUSTIN ETZIN, by his attorneys, **GREENBLATT & AGULNICK, P.C.**, for his complaint against the defendant AMERICAN ZURICH INSURANCE COMPANY, alleges as follows:

## THE PARTIES

1.      Plaintiff JUSTIN ETZIN is an individual and citizen of the Republic of Seychelles, with a current residence at 51 Avenue Mozart 75016, Paris, France, and residence in the State of New York at 1503 Old Orchard Street, West Harrison, New York 10604.

2.      Defendant AMERICAN ZURICH INSURANCE COMPANY ("Insurance Company") is a corporation duly organized and existing under the laws of the State of Illinois, with principal offices for the conduct of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

## JURISDICTION AND VENUE

3.      Defendant AMERICAN ZURICH INSURANCE COMPANY, its subsidiary, and/or agent is an insurance company licensed, admitted, engaging in, and/or

authorized to engage in the business of providing casualty insurance, including "builder's risk" coverage in the State of New York, with offices for the transaction of business located within the State of New York.

4.      Plaintiff brings this action against Defendant with regard to the Defendant's failure to fully indemnify Plaintiff for his vandalism loss which occurred on or about July 24, 2018, and submitted to Defendant under the builder's risk insurance policy issued by Defendant, the facts and circumstances being more fully set forth below.

5.      The transaction of events and the property that is the subject of this lawsuit occurred and located within the County of Westchester, State of New York.

6.      The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.


**FACTS**

9.      At all times hereinafter alleged, Plaintiff(s) owned and/or had an insurable interest in the real property located at 1503 Old Orchard Street, West Harrison, New York ("Plaintiff's Property").

10.     On or about January 31, 2018, Insurance Company, its subsidiary, and/or agent for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiff(s) a builder's risk insurance policy, including endorsements and amendments thereto which became a part of said policy and coverage for Business Property/Jewelry Inventory, bearing the policy number ER11254283 (hereinafter referred to as the "Policy"), whereby it insured Plaintiff's Property again all risks of loss specified in the

policy, including *inter alia* vandalism and damage caused by vehicle/machinery impact, to the limits contained therein.  The policy was signed by the authorized agents of the Defendant, its subsidiary, and/or agent. A copy of the Policy is annexed hereto and incorporated by reference as EXHIBIT A.

11.     The Defendant, its subsidiary, and/or agent, during the policy term, agreed to indemnify the Plaintiff(s) against loss or damage sustained by *inter alia* vandalism as well as vehicle/machinery impact damage.

**THE VANDALISM LOSS**

12.     On or about April 25, 2018, at 1503 Old Orchard Street, West Harrison, New York, while the insurance policy was in full force and effect, Plaintiff's Property was vandalized and sustained damage (the "Vandalism Loss").

13.     By reason of the above-mentioned Vandalism Loss, the Plaintiff sustained a loss covered under the Policy in an amount to be determined at trial but believed at the time of loss to be in excess of one million, five hundred sixty-eight thousand, five hundred thirty-nine dollars ($1,568,539.00) (hereinafter "Plaintiff's Vandalism Damages Claim").

14.     That out of the Plaintiff's Vandalism Damages Claim, Defendant paid three hundred ninety-five thousand, two hundred eighty-eight dollars and forty-eight cents ($395,288.48) towards the claim, leaving an outstanding claim of one million, one hundred seventy-three thousand, two hundred fifty dollars and ninety-four cents ($1,173,250.94), less deductible.

**THE WALL IMPACT CLAIM**

15.     On or about June 25, 2018, at 1503 Old Orchard Street, West Harrison, New York, while the insurance policy was in full force and effect, Plaintiff's Property was impacted by a vehicle/machinery and sustained damage (the "Wall Impact Loss").

16.     By reason of the above-mentioned Wall Impact Loss, the Plaintiff sustained a loss covered under the Policy in an amount to be determined at trial but believed at the time of loss to be in excess of two hundred seventy-one thousand, four hundred twenty-four dollars and thirty-three cents ($271,424.33) (hereinafter "Plaintiff's Wall Impact Damages Claim").

17.     That out of the Plaintiff's Wall Impact Damages Claim, Defendant paid seventy thousand, seventy-four dollars and twelve cents ($70,074.12) towards the claim, leaving an outstanding claim of two hundred one thousand, three hundred fifty dollars and twenty-one cents ($201,350.21), less deductible.

## ADDITIONAL FACTS

18.     The Plaintiff(s) notified the Defendant Insurance Company, its subsidiary, and/or agent, and the authorities of the aforementioned occurrence and of the loss sustained thereby.

19.     The Plaintiff(s) has submitted to the Defendant's request for a complete examination of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant.

20.     That Plaintiff(s) has satisfied all conditions precedent to the instant suit and the instant suit is timely.

21.     At all times mentioned, the Plaintiff(s) has not obtained any other insurance upon the described property.

22.     The Defendant has thus far failed to and/or refused to fully indemnify the Plaintiff for his total loss to the extent of the applicable policy limits, although a demand has been made.

23.     That the within action is timely by virtue of the time to file suit in the Policy, the tolling of the time to file resulting from the New York State Governor's Executive Order 202.8 and subsequent orders, coupled with agreed upon extensions to file suit afforded by the Defendant.

## AND AS FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT- THE VANDALISM CLAIM

24.     Plaintiff repeats and re-alleges all paragraphs and allegations set forth in this complaint as if fully and completely set forth herein.

25.     By, *inter alia*, failing to pay Plaintiff(s) under the Policy to the full extent of Plaintiff's Vandalism Loss, Insurance Company has breached its obligation under the Policy with regard to the Vandalism Loss.

26.     By reason of Insurance Company's contractual undertaking to Plaintiff(s), pursuant to the Policy to promptly and properly evaluate and pay claims thereunder, to the extent of Plaintiff's loss up to the limits prescribed by the Policy, Insurance Company owed and continues to owe Plaintiff(s) the duties of good faith and fair dealing in connection with the parties' contractual relationship.

27.     In accordance with the aforesaid duties of good faith and fair dealing, Insurance Company was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiff's rights deriving from their contractual relationship with Insurance Company under the Policy.

28.     By failing to pay Plaintiff(s) under the Policy to the full extent of Plaintiff's loss, up to the limits of the Policy, despite legal precedent, statutory authority, the facts of the Loss, and the Defendant's own observation of the extent and the scope of the Vandalism Loss, Insurance Company acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiff(s).

29.     Plaintiff(s) has duly demanded payment of its loss under the Policy and has submitted the supporting proofs of loss, to the extent that same was demanded.

30.     Insurance Company's actions toward Plaintiff(s) are part of a pattern and practice by Insurance Company to sell insurance policies to property owners, and then subsequently take positions which seek only to minimize the loss, without regard for the policyholder's actual covered losses, and further delaying and hindering the processing of legitimate claims, delaying coverage determinations, and forcing policyholders to file suit to collect insurance proceeds to which they are entitled.

31.     As a result of Insurance Company's breach, Plaintiff has been damaged with regard to the Vandalism Loss in an amount to be determined at trial but believed to be in excess of one million one hundred seventy-three thousand two hundred fifty dollars and ninety-four cents ($1,173,250.94),

32.     As a further result of Insurance Company's breach and bad faith, Plaintiff(s) has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the *Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York* line of cases, but believed to be in excess of five hundred thousand dollars ($500,000.00).

33.     That consequential damages were at all times foreseeable, in that it is foreseeable that an insured will suffer additional losses when the defendant improperly minimizes a claim in bad faith.

34.     That it was both expected and foreseeable that Plaintiff will sustain consequential damages including, but not limited to, the loss of use and enjoyment of the property, inability to make repairs due to the lack of insurance funds, the need to procure alternative funds, lost opportunity costs, stigmatized property, and potential loss of the property.

### AND AS FOR A SECOND CAUSE OF ACTION
### DECLARATORY JUDGMENT – THE VANDALISM LOSS

35.     That Plaintiff repeats and re-alleges all of the allegations set forth above as if more fully set forth at length herein.

36.     That notwithstanding the foregoing, by virtue of the above-mentioned insurance policy between the parties and the breaches by the Defendant, Plaintiff(s) are/is entitled to a Declaratory Judgment setting forth that Defendant is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced policy as it pertains to the subject Vandalism Loss, including but not limited to making payment for the Plaintiff's Vandalism Claim to the full extent of the policy limits and payment of recoverable depreciation, irrespective of the time limits set forth in the Policy.

### AND AS FOR A THIRD CAUSE OF ACTION
### BREACH OF CONTRACT- THE WALL IMPACT LOSS

37.     Plaintiff repeats and re-alleges all paragraphs and allegations set forth in this complaint as if fully and completely set forth herein.

38.     By, *inter alia*, failing to pay Plaintiff(s) under the Policy to the full extent of Plaintiff's Wall Impact Loss, Insurance Company has breached its obligation under the Policy with regard to the Wall Impact Loss.

39.     By reason of Insurance Company's contractual undertaking to Plaintiff(s) pursuant to the Policy to promptly and properly evaluate and pay claims thereunder, to the extent of Plaintiff's loss up to the limits prescribed by the Policy, Insurance Company owed and continues to owe Plaintiff(s) the duties of good faith and fair dealing in connection with the parties' contractual relationship.

40.     In accordance with the aforesaid duties of good faith and fair dealing, Insurance Company was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiff's rights deriving from their contractual relationship with Insurance Company under the Policy.

41.     By failing to pay Plaintiff(s) under the Policy to the full extent of Plaintiff's loss, up to the limits of the Policy, despite legal precedent, statutory authority, the facts of the Loss, and the Defendant's own observation of the extent and the scope of the Wall Impact Loss, Insurance Company acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiff(s).

42.     Plaintiff(s) has duly demanded payment of its loss under the Policy and has submitted the supporting proofs of loss, to the extent that same was demanded.

43.     Insurance Company's actions toward Plaintiff(s) are part of a pattern and practice by Insurance Company to sell insurance policies to property owners, and then subsequently take positions which seek only to minimize the loss, without regard for the

policyholder's actual covered losses, and further delaying and hindering the processing of legitimate claims, delaying coverage determinations, and forcing policyholders to file suit to collect insurance proceeds to which they are entitled.

44.     As a result of Insurance Company's breach, Plaintiff has been damaged with regard to the Wall Impact Loss in an amount to be determined at trial but believed to be in excess of two hundred one thousand, three hundred fifty dollars and twenty-one cents ($201,350.21), less deductible.

45.     As a further result of Insurance Company's breach and bad faith, Plaintiff(s) has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the *Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York* line of cases, but believed to be in excess of fifty thousand dollars ($50,000.00).

46.     That consequential damages were at all times foreseeable, in that it is foreseeable that an insured will suffer additional losses when the defendant improperly minimizes a claim in bad faith.

47.     That it was both expected and foreseeable that Plaintiff will sustain consequential damages including, but not limited to, the loss of use and enjoyment of the property, inability to make repairs due to the lack of insurance funds, the need to procure alternative funds, lost opportunity costs, stigmatized property, and potential loss of the property.

## AND AS FOR A SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT – THE WALL IMPACT LOSS

48      That Plaintiff repeats and re-alleges all of the allegations set forth above as if more fully set forth at length herein.

49.      That notwithstanding the foregoing, by virtue of the above-mentioned insurance policy between the parties and the breaches by the Defendant, Plaintiff(s) are/is entitled to a Declaratory Judgment setting forth that Defendant is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced policy as it pertains to the subject Wall Impact Loss, including but not limited to making payment for the Plaintiff's Wall Impact Claim to the full extent of the policy limits and payment of recoverable depreciation, irrespective of the time limits set forth in the Policy.

**WHEREFORE**, Plaintiff(s) JUSTIN ETZIN demands judgment against AMERICAN ZURICH INSURANCE COMPANY as follows:

a.      Under the FIRST Cause of Action, damages in an amount to be determined at trial believed to be in excess of one million, one hundred seventy-three thousand, two hundred fifty dollars and ninety-four cents ($1,173,250.94), plus appropriate interest, plus consequential damages directly resulting from Insurance Company's breach and bad faith in the amount of five hundred thousand dollars ($500,000.00).

b.      Under the SECOND Cause of Action, a Declaratory Judgment setting forth that Defendant is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced policy as it pertains to the subject Vandalism Loss, including but not limited to making payment for the Plaintiff's Vandalism Loss to the full

extent of the policy limits and payment of recoverable depreciation, irrespective of the time limits set forth in the Policy.

c.      Under the THIRD Cause of Action, damages in an amount to be determined at trial believed to be in excess of two hundred one thousand, three hundred fifty dollars and twenty-one cents ($201,350.21), plus appropriate interest, plus consequential damages directly resulting from Insurance Company's breach and bad faith in the amount of fifty thousand dollars ($50,000.00).

d.      Under the FOURTH Cause of Action, a Declaratory Judgment setting forth that Defendant is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced policy as it pertains to the subject Wall Impact Loss, including but not limited to making payment for the Plaintiff's Wall Impact Claim to the full extent of the policy limits and payment of recoverable depreciation, irrespective of the time limits set forth in the Policy.

e.      Appropriate interest, the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

f.      **PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Dated: Great Neck, New York
       August 14, 2020

                                        Yours, etc.,

                                        GREENBLATT & AGULNICK, P.C.

                                        By: _____
                                              Scott E. Agulnick (SA1880)
                                        Attorney for Plaintiff(s)
                                        **JUSTIN ETZIN**
                                        55 Northern Blvd., Suite 302
                                        Great Neck, New York 11021
                                        Tel: (718) 352- 4800

Fax: (718) 732- 2110

Defendant's Address:

American Zurich Insurance Company
1299 Zurich Way,
Schaumburg, Illinois 60196

Civil Action No: 7:20-cv-6551
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN ETZIN,

                              Plaintiff(s),
              -against-

AMERICAN ZURICH INSURANCE COMPANY,

                              Defendant(s).

# COMPLAINT WITH JURY DEMAND

### GREENBLATT & AGULNICK, P.C.
**Attorneys for PLAINTIFF(s)**
**Office and Post Office Address, Telephone**
**55 NORTHERN BLVD., STE. 302**
**GREAT NECK, NEW YORK 11021**
**TEL:  (718) 352- 4800**
**FAX:  (718) 732- 2110**

### "WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To:

Attorney(s) for DEFENDANT(S)

### *Certification pursuant to FRCP 11*

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in FRCP 11.

08/14/2020
Dated                                    Scott E. Agulnick (SA1880)

Service of a copy of the within                               is hereby **admitted**

..................................................................................
                              Attorney(s) for